UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHARLES B. WALKER,

    Petitioner,

v.                                                                  Case No. 6:08-cv-15-Orl-35KRS

FLORIDA, ATTORNEY GENERAL, et al.,

    Respondents.
_____/

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 5) to the petition for writ of habeas corpus, and Petitioner then filed a reply to the response (Doc. No. 10).

*Procedural History*

Petitioner was charged by indictment with first degree murder. A jury trial was held, and Petitioner was found guilty of the lesser included offense of second degree murder. The trial court adjudicated Petitioner guilty of second degree murder, and, on April 6, 2001, sentenced him to life imprisonment.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam* on September 19, 2001. Mandate was issued on October 8, 2001.

On October 18, 2003, Petitioner, through counsel, filed a Florida Rule of Criminal

Procedure 3.850 motion for postconviction relief with the state trial court, which held an evidentiary hearing on the motion. The trial court then entered an order on December 16, 2005, denying the motion. The state appellate court affirmed the denial *per curiam* on December 26, 2006. Mandate was issued on January 12, 2007.

On January 2, 2008, Petitioner, through counsel filed the instant habeas petition.

***Petitioner's Habeas Petition is Untimely***

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under Florida law, Petitioner's conviction became final on October 8, 2001. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a

criminal defendant becomes final upon issuance of the mandate on direct appeal."), *cert. denied*, 534 U.S. 1144 (2002). However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on December 18, 2001, which was ninety days after entry of the appellate court's order affirming *per curiam*. *See* Sup. Ct. R. 13(3).[1] Petitioner then had until December 18, 2002, absent any tolling, to file a federal habeas petition regarding such conviction. As noted above, Petitioner's federal habeas petition was filed on January 2, 2008.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. There was no tolling in this case because Petitioner's postconviction motion was filed after the one-year period had expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), *cert. denied*, 531 U.S. 991 (2000). Therefore, the instant habeas petition was not timely filed and must be denied.

In his reply brief, Petitioner asserts that, since his Rule 3.850 motion was timely filed

---

[1]United States Supreme Court Rule 13(3) provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

3

within the two-year limitation period set forth in the Florida Rules of Criminal Procedure, the one-year limitation for federal habeas review should be tolled accordingly.  However, although Rule 3.850 allows two years for filing, State of Florida prisoners must pursue remedies in a manner so as to leave sufficient time to pursue their federal habeas rights within the section 2244 time-period: "We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.  Thus, care must be taken to assure that sufficient time remains within the federal statutory period to file the federal petition."  *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).   Consequently, the two-year period allowed for filing a Florida post-conviction motion does not expand the AEDPA's one-year statute of limitation period.  *Rich v. Department Of Corrections State Of Florida,* 2008 WL 4183930, at *1 (11th Cir. September 12, 2008).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Charles B. Walker (Doc. No. 1) is denied, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 23rd day of March 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sa 3/23
Counsel of Record
Charles B. Walker